Jerry L. Steering (SBN 122509)
Law Offices of Jerry Steering
4063 Birch Street, Suite 100
Newport Beach, California 92660
(949) 474-1849
(949) 474-1883 Fax
jerrysteering@yahoo.com
Attorney for Plaintiff Tommy Mark Franks, Jr.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY MARK FRANKS, JR.,<br><br>　　Plaintiff,<br><br>　　vs.<br><br>COUNTY OF SAN BERNARDINO, TYLER LOUP, and DOES 1 through 10, INCLUSIVE,<br><br>　　Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS UNDER COLOR OF STATE LAW (42 U.S.C. § 1983) CLAIM FOR UNREASONABLE SEIZURE OF PERSON (U.S. CONST. AMEND 4); CLAIM FOR USE OF UNREASONABLE FORCE UPON PERSON (U.S. CONST. AMEND 4), CLAIM FOR VIOLATION OF FIRST AMENDMENT; *MONELL* CLAIM FOR FAILURE TO TRAIN.<br><br>JURY TRIAL DEMANDED |

COMPLAINT FOR DAMAGES
1

**COMES NOW** plaintiff TOMMY MARK FRANKS, JR., and shows this honorable court the following:

## JURISDICTIONAL ALLEGATIONS

1. As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2. As the incidents complained of in this action occurred in the County of San Bernardino, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

## GENERAL ALLEGATIONS

3. Plaintiff Tommy Mark Franks, Jr., hereinafter referred to as "TOMMY" and/or "plaintiff" and/or "Tommy Franks" is a natural person, who, at all times complained of in this action, resided in the State of Arizona.

4. Defendant County of San Bernardino, hereinafter also referred to as "COUNTY", is a political subdivision of the State of California and is a municipal entity, located within the territorial jurisdiction of this Honorable Court.

5. Defendant Tyler Loup, hereinafter referred to as "LOUP", is a sworn peace officer and deputy sheriff with the County of San Bernardino Sheriff's Department, who, at all times complained of in this action was acting as an individual person under the color of state law, and was acting in the course of and within the scope of his employment with the San Bernardino County Sheriff's Department and defendant County of San Bernardino.

6. Defendants DOES 1 through 6, inclusive, are sworn peace officers and/or deputy sheriffs and/or supervisors and/or investigators and/ Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant County of San Bernardino and/or some other public entity, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and

liable to plaintiffs for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend his complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

7. At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or deputy sheriffs and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers and/or public officers, employed by defendant County of San Bernardino and/or some other public entity, and were acting in the course of and within the scope of their employment with defendant County of San Bernardino.

8. Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or Supervisors and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or Detectives and/or other Supervisory personnel (such as) and/or policy making and/or final policy making officials, such as the elected Sheriff of San Bernardino County, the Undersheriff of San Bernardino County, the Assistant Sheriff for San Bernardino County, and other top-level policy making personnel , employed by the County of San Bernardino, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiffs in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the County of San Bernardino for: 1) for wrongfully arresting persons; 2) for using excessive / unreasonable force on persons; 3) order persons to produce identification without a warrant, probable cause, or reasonable suspicion of criminality afoot, under threat of arrest; 4) for unlawfully seizing and searching

COMPLAINT FOR DAMAGES

3

persons; 5) for unlawful searching and seizing persons and their personalty / property; 6) for falsely arresting and falsely imprisoning persons; 7) for fabricating / destroying / concealing / altering / withholding evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other deputy sheriffs, public officers and supervisory personnel from civil, administrative and criminal liability; 8) for interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech; 9) for covering-up unlawful and tortious conduct by County of San Bernardino personnel, and were a proximate cause of the very same federal constitutional violations complained above, and complained of by the plaintiff in this action.

     9. Plaintiff is presently unaware of the identities of DOES 1 through 10, inclusive, and will amend his complaint to add and to show the actual names of said DOE defendants, when ascertained by plaintiff.

     10. At all times complained of herein, DOES 7 through 10, inclusive, were acting were acting as individual persons acting under the color of state law, pursuant to their authority as Deputy Sheriffs and/or Supervisory Officers, Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by the County of San Bernardino and/or some other public entity, and/or some other public official(s) with the County of San Bernardino, and were acting in the course of and within the scope of their employment with defendant the County of San Bernardino.

     11. At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers, with defendant County of San Bernardino.

COMPLAINT FOR DAMAGES

4

12. Moreover, at all times complained of herein, defendants DOES 1 through 10, inclusive, were acting pursuant to, or otherwise contributed to the creation and maintenance of, the customs, policies, usages and practices of the County of San Bernardino, for, inter alia: : 1) for wrongfully arresting persons; 2) for using excessive / unreasonable force on persons; 3) order persons to produce identification without a warrant, probable cause, or reasonable suspicion of criminality afoot; 4) for unlawfully seizing persons; 5) for unlawful searching and seizing persons and their personalty / property; 6) for falsely arresting and falsely imprisoning persons; 7) for fabricating / destroying / concealing / altering / withholding evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other deputy sheriffs and supervisory personnel from civil, administrative and criminal liability; 8) for interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech; 9) for covering-up unlawful and tortious conduct by the County of San Bernardino personnel, and were a proximate cause of the very same federal constitutional violations complained above, and complained of by the plaintiffs in this action.

13. In addition to the above and foregoing, defendants DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff Tommy Franks of his federal Constitutional and statutory rights, as complained of in this action, and acted in joint and concerted action to so deprive plaintiff of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law.

14. Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff Tommy Franks' federal and state constitutional and

statutory rights, as complained of herein.

# FIRST CAUSE OF ACTION
## UNREASONABLE SEIZURE OF PERSON UNDER FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION
### [42 U.S.C. § 1983]
(By Plaintiff TOMMY FRANKS, against Defendants LOUP and DOES 1 through 6, inclusive)

15. Plaintiff hereby realleges and incorporate by reference the allegations set forth in paragraphs 1 through 14, inclusive, above, as if set forth in full herein.

16. On February 6, 2019, plaintiff Tommy Franks was a commercial truck driver delivering a load of goods to WinCo Foods; a supermarket located at 19047 Bear Valley Road in the Town of Apple Valley, San Bernardino County, California.

17. After parking his semi tractor-trailer rig in the loading dock, plaintiff then walked around to the front of the store to notify the manager of the delivery of the load. Plaintiff also purchased some muffins from the store and was walking back to his big rig with his clipboard in hand.

18. As plaintiff was walking back to his truck, defendant LOUP and/or DOES 1 and/or 2 rolled up on plaintiff in his patrol car, and plaintiff was unlawfully detained by San Bernardino County Sheriff's Department deputy sheriff(s), defendants LOUP and/or DOES 1 and/or 2.

19. Plaintiff was told he was "loitering" and was asked for identification by defendants LOUP and/or DOES 1 and/or 2. Plaintiff was merely walking back to his big-rig to deliver his load to Winco Foods and was not loitering in any fashion.

20. At all times complained of herein, there was not any reasonable suspicion of any criminality afoot of plaintiff, for defendants LOUP and/or DOES 1 and/or 2 to detain the plaintiff, nor was there any reason to initiate contact with plaintiff.

21. Said deputy sheriff(s)' unlawful detention of the plaintiff was not justified at its inception, and was not reasonably related in scope to the circumstances which justified the interference with plaintiff's business / work of delivering goods to a supermarket in the first place, rendering the unlawful detention constitutionally unreasonable.

22. After being unlawfully detained by defendants LOUP and/or DOES 1 and/or 2 without any reasonable suspicion of criminality afoot, plaintiff was told by defendants LOUP and/or DOES 1 and/or 2 that plaintiff was required to produce identification because he was "loitering"; something that was not true.

23. When defendants LOUP and/or DOES 1 and/or 2 asked plaintiff to produce identification, plaintiff refused, and verbally protested his unlawful detention and the unlawful demand for identification without any reasonable suspicion of criminality afoot of the plaintiff.

24. At the time of plaintiff's unlawful detention, defendants LOUP and/or DOES 1 and/or 2 knew exactly what plaintiff was doing behind the supermarket—delivering a load to Winco Foods—because defendants LOUP and/or DOES 1 and/or 2 could see the manifest on the clipboard being held in plaintiff's hand and the name of plaintiff's employer (which is the same company emblazoned on the side of plaintiff's 18-wheel truck); and it would be patently obvious to anyone that plaintiff was working his job and had a legitimate reason to be walking behind the store to perform his job.

25. After asking for a Sergeant / Supervisor three times to come to the scene of the subject incident, defendants LOUP and/or DOES 1 and/or 2 then proceeded to grab plaintiff's clipboard and the muffins he was carrying from plaintiff's hands.

26. Defendants LOUP and/or DOES 1 and/or 2 then unlawfully handcuffed the plaintiff Tommy Marks. Plaintiff was told by defendants LOUP and/or DOES 1 and/or 2 that he was being arrested for a violation of California

Penal Code section 148(a)(1)[1] for refusing to identify himself.

27. When defendants LOUP and/or DOES 1 and/or 2 handcuffed the plaintiff, the handcuffs were ratcheted down so tightly that plaintiff's wrists were in excruciating pain and suffering, in showing of unreasonable / excessive force. Said use of excessive force by DOES 1 and/or 2 was done in retaliation of plaintiff's verbal protests, as shown below.

28. Plaintiff was then placed in the back of a Sheriff's Department patrol car in handcuffs for approximately 20-30 minutes, until a Sergeant / Supervisory officer DOE 7, arrived at the scene.

29. However, before being taken to jail, plaintiff continued his verbal protests of being falsely arrested, and said Sergeant / Supervisory officer DOE 7 told plaintiff that he was an "idiot," and that he would "back up" any of his subordinate officers—even in the event of a false arrest such as plaintiff's—and further ratified his subordinate(s)' unconstitutional conduct.

30. Plaintiff was then taken to jail by defendants LOUP and/or DOES 1 and/or 2 where he spent the night in jail, before being released from jail the following morning on his own recognizance, thereby missing work opportunities and wages for the time of his incarceration.

31. Thereafter, on June 11, 2019, plaintiff was criminally prosecuted for a violation of California Penal Code section 148(a)(1)—resisting, delaying or obstructing a peace officer in the lawful performance of his/her duties—a

---

[1] Which states in its entirety: "*148. (a) (1) Every person who willfully resists, delays, or obstructs any public officer, peace officer, or an emergency medical technician, as defined in Division 2.5 (commencing with Section 1797) of the Health and Safety Code, in the discharge or attempt to discharge any duty of his or her office or employment, when no other punishment is prescribed, shall be punished by a fine not exceeding one thousand dollars ($1,000), or by imprisonment in a county jail not to exceed one year, or by both that fine and imprisonment.*" Cal. Penal Code sec. 148(a)(1).

COMPLAINT FOR DAMAGES
8

misdemeanor; *People of the State of California v. Tommy Mark Franks, Jr.*; San Bernardino County Superior Court Case Number MVI19005170.

32. Thereafter, on September 27, 2019 the San Bernardino County District Attorney's Office moved the San Bernardino County Superior Court to dismiss said misdemeanor criminal action against the plaintiff on the ground of insufficiency of the evidence.

33. Moreover, said use of excessive force by said defendants LOUP and/or DOES 1 and/or 2 was done to plaintiff Tommy Franks as retaliation for his verbal protests of said defendant(s) violating his rights under the Fourth Amendment to the Constitution, without any justification other than to punish, deter, and chill his free speech and the free exercise of his rights guaranteed under the First and Fourth Amendments to the United States Constitution.

34. Furthermore, the actions of defendants LOUP and/or DOES 1 and/or 2, as complained above herein, constituted a violation of plaintiff Tommy Franks' rights under the Fourth Amendment to the United States Constitution to be free from the use of unlawful and unreasonable and excessive force upon his person.

35. Lastly, as shown above, by said unlawful detention and arrest of the plaintiff, the actions of defendants LOUP and/or DOES 1 and/or 2 constituted an unlawful and false arrest of plaintiff Tommy Franks, and constituted an unlawful and unreasonable seizure of his person, in violation of the Fourth Amendment to the United States Constitution.

36. As a direct and proximate result of the actions of defendants LOUP and DOES 1 through 10, inclusive, plaintiff Tommy Franks was: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and 3) incurred other special and general damages and expenses associated costs, including lost wages / profits; all in an amount to be proven at trial which is in excess of $3,000.000.00.

37. The actions of said defendants, and each of them, as complained of

herein, were committed maliciously, oppressively and in reckless disregard of plaintiff Tommy Franks' constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $3,000,000.00.

## SECOND CAUSE OF ACTION
## UNREASONABLE USE OF FORCE ON PERSON UNDER FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION
## [42 U.S.C. § 1983]
### (By Plaintiff Tommy Franks, Against Defendants LOUP and DOES 1 through 6, inclusive)

38. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 37, inclusive, above, as if set forth in full herein.

39. As shown above, on February 6, 2019, when defendant DOES 1 and/or 2 unlawfully detained, falsely arrested and handcuffed plaintiff, the handcuffs were ratcheted down so tightly that plaintiff's wrists were in great pain and suffering, in a showing of unreasonable / excessive force.

40. Moreover, as shown above, said use of excessive force by said defendants LOUP and/or DOES 1 and/or 2 was done to plaintiff Tommy Franks as retaliation for his verbal protests of said defendant(s) violating his rights under the Fourth Amendment to the Constitution without any justification other than to punish, deter, and chill his free speech and the free exercise of his rights guaranteed under the First and Fourth Amendments to the United States Constitution.

41. The actions of defendants LOUP and DOES 1 and/or 2, as complained above herein, constituted a violation of plaintiff Tommy Franks' rights under the Fourth Amendment to the United States Constitution to be free from the use of unlawful and unreasonable and excessive force upon his person.

42. As a direct and proximate result of the actions of defendants LOUP

COMPLAINT FOR DAMAGES
10

and DOES 1 through 10, inclusive, and the unlawful seizures by said defendants upon the plaintiff Tommy Franks was: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and 3) incurred other special and general damages and expenses associated costs, including lost wages / profits; all in an amount to be proven at trial which is in excess of $3,000.000.00.

43.     The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff Tommy Franks' constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $3,000,000.00.

## THIRD CAUSE OF ACTION
## VIOLATION OF RIGHT TO FREE SPEECH / PETITION TO REDRESS UNDER THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION
## [42 U.S.C. § 1983]
### (By Plaintiff Tommy Franks Against Defendants LOUP and DOES 1 through 10, inclusive)

44.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 43, inclusive, above, as if set forth in full herein.

45.     As shown above, defendants LOUP and/or DOES 1 and/or 2, unlawfully detained and falsely arrested plaintiff on a bogus charge of a violation of Cal. Penal Code § 148(a)(1).

46.     As shown above, when plaintiff Tommy Franks' verbal protests to defendants LOUP and/or DOES 1 and/or 2, were protests of plaintiff being unlawfully detained, being ordered to produce his identification under threat of arrest, and being falsely arrested for refusing to identify himself by defendants LOUP and/or DOES 1 and/or 2, plaintiff Tommy Franks was engaged in a

constitutionally protected free speech under the First Amendment to the United States Constitution.

47. Also, as shown above, plaintiff continued his verbal protests of being falsely detained and arrested, and the Patrol Sergeant / Supervisory officer who arrived at the scene of the arrest incident complained of, DOE 7, told plaintiff that he was an "idiot," and that he would "back-up" any of his subordinate officers—even in the event of a false arrest such as plaintiff's—and further ratified his subordinate(s)' unconstitutional conduct.

48. Furthermore, defendants LOUP and/or DOES 1 and/or DOE 2 and DOE 7 knew that the plaintiff Tommy Franks had not committed a crime, yet said defendant(s) arrested the plaintiff without either probable cause to believe that he committed a crime, or a warrant.

49. Moreover, defendants LOUP and/or DOE 1 and/or DOE 2 and DOE 7's actions against the plaintiff Tommy Franks would chill a person of ordinary firmness from continuing to engage in that protected activity.

50. Plaintiff Tommy Franks' protected activity was a substantial or motivating factor in the defendants LOUP's and/or DOE 1's and/or DOE 2's and DOE 7's decision to unlawfully detain and falsely arrest plaintiff Tommy Franks. Said retaliation by said defendants was committed by snatching him from the rear of the aforementioned store as he was working his job, grabbing plaintiff Tommy Franks' wrists / hands and handcuffing his wrists too tightly and talking him to jail.

51. As a direct and proximate result of the actions of defendants LOUP and/or DOE 1 and/or DOE 2 and DOE 7, inclusive, plaintiff Tommy Franks was: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and 3) incurred other special and general damages and expenses associated costs, including lost wages / profits; all in an amount to be proven at trial which is in excess of $3,000.000.00.

52. The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff Tommy Franks' constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $3,000,000.00.

## FOURTH CAUSE OF ACTION
## [VIOLATION OF 42 U.S.C. § 1983]
## Claim Against Local Governing Body Defendants
## Based On Failure To Train
(By Plaintiff Tommy Franks Against Defendants COUNTY and DOES 7 through 10, inclusive)

53. Plaintiff hereby realleges and incorporate by reference the allegations set forth in paragraphs 1 through 52 inclusive, above, as if set forth in full herein.

54. As shown above, when defendants LOUP and/or DOE 1 and/or DOE 2 and DOE 7, inclusive, deprived plaintiff Tommy Franks of his particular rights under the United States Constitution, they were acting under the color of state law.

55. The training policies of defendants COUNTY and DOES 7 through 10, inclusive, were not adequate to train their deputy sheriffs and other sworn peace officer personnel to handle the usual and recurring situations with which they must deal with as sworn peace officers, to wit; defendants COUNTY and DOES 7 through 10, inclusive, failed to train its deputy sheriffs: 1) not to handcuff persons so tightly so as to injure them and to cause them great pain, suffering and injury from their doing so; 2) that it is not a crime in the State of California for a person to refuse or to fail to identify themselves to a peace officer, even if that peace officer had sufficient legal grounds to detain them, and that it is not a violation of Cal. Penal Code § 148(a)(1) for failing / refusing to do so; 3) that retaliation against civilians for their verbal protest of police actions is proscribed by the First Amendment to the United States Constitution and cannot criminalized

by the state / government; and 4) that failing to immediately comply with police orders, is not a violation of Cal. Penal Code § 148(a)(1).

56. Moreover, the San Bernardino County Sheriff's Department does not train its deputy sheriffs and other sworn peace officer personnel that it is not a crime in the State of California to refuse to identify oneself to a peace officer. Accordingly, defendants COUNTY and DOES 7 through 10, inclusive, were deliberately indifferent to the obvious consequences of their failure to train their deputy sheriffs and other sworn peace officer personnel adequately to follow California state law; especially regarding arresting civilians for "resistance offenses" such as violation of Cal. Penal Code §§ 69, 71, 148(a)(1), 240/241(c), 242/ 243(b) etc.

57. The failure of defendants COUNTY and DOES 7 through 10, inclusive, to provide adequate training caused the deprivation of plaintiffs' rights by defendants LOUP and/or DOE 1 and/or DOE 2 and DOES 7 through 10, inclusive; that is, the defendants' failure to train is so closely related to the deprivation of plaintiff's rights as to be the moving force that caused the ultimate injury.

58. As a direct and proximate result of the actions of defendants LOUP and DOES 1 through 10, inclusive, and the unlawful seizures by said defendants upon the plaintiff Tommy Franks was: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and 3) incurred other special and general damages and expenses associated costs, including lost wages / lost profits; all in an amount to be proven at trial which is in excess of $3,000.000.00.

59. The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff Tommy Franks' constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in

excess of $3,000,000.00.

**WHEREFORE**, plaintiff prays for judgment as follows:

a) For a judgment against all defendants for compensatory damages in an amount in excess of $3,000,000.00;

b) For a judgment against all defendants, save defendant County of San Bernardino, for punitive damages in an amount in excess of $3,000,000.00;

c) For an award of reasonable attorney's fees and costs;

d) For a trial by jury; and

e) For such other and further relief as this honorable court deems just and equitable.

_____
JERRY L. STEERING, ATTORNEY FOR
PLAINTIFF TOMMY MARK FRANKS, JR.